ARTURO MANUEL VALIENTE DÍAZ, ETC., Plaintiff and Appellant, v. DR. HONORIO F. CARRASQUILLO, Defendant and Appellee.

No. 7587. Argued March 27, 1940.—Decided April 4, 1940.

*M. Guzmán Texidor* for appellant. *Antonio Suliveres Jr.* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

By deed No. 81 executed on August 7, 1928, before Notary Miguel Marcos Morales, José Leoncio Valiente, for himself and in behalf of his minor children Arturo Manuel and María Valiente Díaz, having first obtained from the District Court of Guayama proper judicial authorization, executed a first mortgage to Dr. Honorio F. Carrasquillo upon a piece of rural estate belonging to the minors and located in Cayey, to secure a $5,000 loan and additional amounts to cover interest, costs and attorney's fees in case of judicial recovery. One of the stipulations of the loan was that interest should be paid yearly in advance on the 7th of August each year, and as the mortgagors had failed to pay interest for eighteen months prior to February 24, 1933, Carrasquillo, as mortgagee, instituted mortgage foreclosure proceeding to collect the mortgage debt in the District Court of Guayama. The mortgaged property was finally awarded to the mortgagee on August 30, 1934. (Statement of the case, p. 69).

Arturo Manuel Valiente, upon becoming of age in 1935, brought the present action in his own right and, moreover,

as guardian *ad litem* of his minor sister María Valiente Díaz, in which he sought the nullity of the mortgage foreclosure proceeding by which they were deprived of the estate in question. He alleged as grounds of nullity:

(A) That no compliance was had with section 169 of the Mortgage Law Regulation, because of the failure to enclose with the initial petition a certified copy of the order of the District Court of Guayama authorizing the father of the minors to execute in their behalf the mortgage which gave rise to the foreclosure proceeding, nor was the said order granting judicial authorization transcribed in the mortgage deed and, therefore, as the court did not have before it the order granting judicial authorization, it was without jurisdiction for the issuance of the writ demanding payment.

(B) That plaintiffs herein were deprived of their property without due process of law, because they had not been made parties defendant to the mortgage foreclosure proceeding.

A second cause of action is further alleged in the complaint, in which the plaintiffs claim damages alleged to have been suffered by them on account of mortgage foreclosure proceeding.

Upon a trial on the merits judgment was rendered for the defendant and the plaintiffs brought the present appeal.

■ It is true, as appears from the record, that there was not enclosed with the initial petition a certified copy of the order authorizing the plaintiffs' father to execute the mortgage in question, but it is no less true that in the initial petition it was stated as follows:

"By deed No. 81 executed in Cayey on August 7, 1928, before notary Miguel Marcos Morales, José Leoncio Valiente for himself and as the representative of his minor children under his *patria potestas*, Arturo Manuel and María Valiente Díaz, and *duly authorized by the Hon. District Court of Guayama by its order of July 31, 1928, for the execution of the loan and mortgage to which we refer. . . .*"

As the authorization involved in the instant case was granted by the very court which issued the writ demanding payment and as there was stated in the initial petition the date of said order, the statute was substantially complied with, for the record was within reach of the court and if the latter desired to ascertain the existence and the terms of said judicial order, which had been in the hands of the registrar and without which the mortgage would not have been recorded, it would have been easy for the judge to examine the same just as if it had been physically attached to the record. *Id certum est quod certum reddi potest.*

The plaintiffs do not deny that the authorization existed nor do they challenge its sufficiency, a certified copy of the order for judicial authorization having been submitted and admitted in evidence. (Statement of the case, pp. 70–74.)

The appellant invokes the decision in *Marqués* v. *Heirs of Pedro Giusti, Inc.,* 47 P.R.R. 19, in which this court, in a majority opinion, revoked a judgment sustaining the insufficiency of the complaint in an action for the nullity of mortgage foreclosure proceeding, where it was alleged as ground of nullity that the copy of the mortgage deed presented with the initial petition lacked the signature of one of the witnesses. This court held as follows:

"In order to decide a demurrer filed against the complaint the facts alleged therein must be accepted as true, for which reason the lower court must have accepted as true, that the deed which was offered in the foreclosure proceeding sought to be annulled, did not have the signature of one of the witnesses, as alleged in the complaint. To decide this appeal, we also must do so. The lack of said signature make the mortgage deed null as a public document, by express provision of law. As said document was presented to the court in the foreclosure proceeding and as it necessarily was based on said instrument when issuing the demand for payment and the public sale of the property object of the proceeding, we must reach the conclusion that said foreclosure proceeding is null and hence the complaint states a cause of action.

"The copy certified to by the notary has the presumption of being correct, but even if it was incorrect by the omission of the signature

**452**

of the witness Alfredo Vera, still the foreclosure proceeding would be null as the instrument that served as basis for the court to authorize the foreclosure was an instrument in which the signature of a witness did not appear.''

Although the undersigned justice does not concur in the majority opinion in the aforesaid case, notwithstanding his regard for the qualifications of the justices who concurred in the same, we maintain that the said case is not applicable to the one at bar. It was there held that the foreclosure proceeding was void because of the nullity of the deed which the judge who issued the demand for payment had before him. In the instant case the mortgage deed is valid. No certified copy of the order authorizing the transaction was enclosed; but both in the initial petition and in the mortgage deed it was expressly stated that the minors' father had been duly authorized in the premises by the very court to which recourse was had, and in both papers the date of the order was stated, it further appearing from the decision of the registrar at the foot of the copy of the deed that he had before him for making the record another paper which necessarily must have been the order of authorization, without which the record could not have been made.

■■■■ (B) The initial petition, equivalent to the complaint in an ordinary action, was filed against José Leoncio Valiente, *"personally and in the name and representation of his minor children Arturo Manuel and María Valiente Díaz,"* which amounts to filing the action against Arturo Manuel and María Valiente Díaz, minors, and José Leoncio Valiente, personally and as the representative of his two aforesaid children. To our judgment this is merely a matter of form which does not affect the substantial rights of these plaintriffs, especially where the order of payment was returned by the marshal as follows:

''I HEREBY CERTIFY: That in compliance with the present writ issued by the Hon. District Court for the Judicial District of Guayama, P. R., dated February 24, 1933, I proceeded to execute, and

did execute, the same in the town of Cayey, P. R., on March 11, 1933, by *personally serving defendants José Leoncio Valiente, personally and as the representative of his minor children Arturo Manuel and María Valiente Díaz, and Arturo Manuel Valiente Díaz and María Valiente Díaz, by delivering and leaving into their hands, each of them personally, a copy of the complaint, a copy of the mortgage deed, a copy of the certificate of the Registrar of Property of Guayama, a copy of the order of the court and a copy of the present writ,* requiring them to pay to plaintiff Dr. Honorio Fernando Carrasquillo, within thirty days counted from the service of this demand, the sums claimed in the writ and in the complaint, warning them at the same time that in case of failure to do so, the property mortgaged shall be sold.''

Guayama, P. R., March 11, 1933.''

As in our judgment the two only grounds of nullity alleged in the complaint are without merit, the appeal shall be dismissed and the judgment appealed from affirmed.